# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ROB JUSZCZAK CONSTRUCTION,**
**Employer Below, Petitioner**

**FILED**
**November 18, 2022**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 22-ICA-29      (JCN: 2021004229)**

**JOHN JUSZCZAK,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Rob Juszczak Construction appeals the July 12, 2022, order of the Workers' Compensation Office of Judges ("OOJ"). Respondent John Juszczak filed a timely response.[1] Petitioner did not file a reply brief. The issue on appeal is whether the OOJ erred in reversing the claim administrator's order denying the addition of cubital tunnel syndrome and carpal tunnel syndrome as compensable diagnoses.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the OOJ's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Respondent was injured on January 13, 2020, while working for Petitioner. Respondent was fueling an excavator from a tank in the back of his truck when the excavator swung and hit petitioner throwing him onto the ground. Respondent had to be life-flighted to a hospital and suffered fractures to nine ribs. On July 16, 2021, the claim administrator held the claim compensable for multiple rib fractures.

Respondent was seen by Frank N. Grisafi, M.D., on April 14, 2020. Respondent complained of pain in his right shoulder that sometimes radiates down his arm and constant numbness and tingling in the ulnar digits of his right hand. Dr. Grisafi reviewed a cervical MRI obtained after the injury and found that respondent's shoulder pain likely originated from the brachial plexus rather than the cervical spine. Dr. Grisafi also reviewed an EMG/NCV obtained after petitioner's injury and found that petitioner had bilateral carpal tunnel syndrome and bilateral cubital tunnel syndrome. Dr. Grisafi stated that respondent's symptoms were likely related to his work injury.

---

[1] Petitioner is represented by Jeffrey B. Brannon, Esq. Respondent is represented by M. Jane Glauser, Esq.

1

Respondent was seen by Leslie J. Schwendeman, M.D., on May 14, 2020. Dr. Schwendeman performed a physical examination of respondent and reviewed the EMG//NCV obtained by Dr. Grisafi and found evidence of brachial plexopathy, bilateral carpal tunnel disorder, and bilateral cubital tunnel disorder.

Respondent began seeing Robert A. Kaufman, M.D., an orthopedic surgeon, on April 20, 2021. Dr. Kaufman found that respondent had bilateral carpal tunnel syndrome and bilateral cubital tunnel syndrome. Dr. Kaufman recommended an EMG/NCS to determine the cause of respondent's ulnar nerve issues, with respondent underwent in September 2021. Dr. Kaufman reviewed the September 2021 EMG/NCS and found bilateral ulnar mononeuropathy, but no evidence of thoracic outlet or brachial plexus lesion. Dr. Kaufman stated that it was "quite likely" that respondent's work injury caused the bilateral carpal tunnel syndrome and bilateral cubital tunnel syndrome.

Chaun Fang Jin, M.D., performed an independent medical examination ("IME") on respondent at the request of petitioner on May 20, 2021. Dr. Jin originally believed respondent to have thoracic outlet syndrome and preexisting cervical spine degenerative arthrosis. Dr. Jin found no evidence of ulnar neuropathy, but instead found median neuropathy. Dr. Jin recommended a neurological or orthopedic consultation to determine respondent's diagnoses.

On December 14, 2021, Dr. Kaufman completed a Diagnosis Update form requesting that the diagnoses of bilateral carpal tunnel syndrome and bilateral cubital tunnel syndrome be added to respondent's claim as compensable diagnoses. On January 5, 2022, the claim administrator denied authorization for surgery for bilateral carpal tunnel syndrome and bilateral cubital tunnel syndrome because those diagnoses were held non-compensable. Respondent protested this order.

Dr. Jin submitted a supplemental report on January 27, 2022, after reviewing an EMG study from September 2021. In this report, Dr. Jin stated that there was no evidence of thoracic outlet syndrome. Dr. Jin did find evidence of bilateral ulnar neuropathy. Dr. Jin opined that respondent's bilateral carpal tunnel syndrome and bilateral cubital tunnel syndrome had not been caused by his work injury.

Respondent was seen by Michael J. Singh, M.D., a vascular surgeon, on February 28, 2022, for evaluation of possible thoracic outlet syndrome. Dr. Singh found no evidence of thoracic outlet syndrome. Dr. Singh diagnosed respondent with neuralgia and recommended physical therapy and a neurology consultation for respondent.

On August 2, 2021, the claim administrator denied the addition of bilateral carpal tunnel, bilateral cubital tunnel syndrome, and brachial plexus disorder as compensable diagnoses. Respondent protested this order. The OOJ combined several of respondent's

protests of claim administrator orders for consideration and decision. With respect to the instant appeal, in its July 12, 2022, order the OOJ ruled that bilateral carpal tunnel syndrome and bilateral cubital tunnel syndrome are compensable diagnoses that must be added to the claim. Petitioner now appeals the portion of the OOJ's order adding these conditions as compensable diagnoses.[2]

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Although this statute specifically references orders of the Board of Review ("Board"), this Court concludes that the same standard applies to our review of orders issued by the OOJ during the period of time when administrative proceedings were being transferred from the OOJ to the Board. *See* W. Va. Code § 23-5-8a (2022) (transferring powers and duties of OOJ to Board); W. Va. Code § 23-5-12(b) (2021) (specifying this same standard of review when Board heard appeals of OOJ's orders).

On appeal, petitioner argues that respondent had preexisting bilateral carpal tunnel syndrome and bilateral cubital tunnel syndrome and thus those diagnoses should not have been held compensable. In support of his position petitioner notes that respondent was diagnosed with severe, chronic bilateral carpal tunnel syndrome and chronic bilateral cubital tunnel syndrome within three months of respondent's work injury.

The OOJ considered the reports of all physicians that respondent had been evaluated by and made determinations regarding the credibility of these physicians. The OOJ

---

[2] Other aspects of the OOJ's July 12, 2022, order are subject to a separate appeal by the claimant in John *Juszczak v. Rob Juszczak Construction*, ICA Docket No. 22-ICA-8.

determined that the report of Dr. Kaufman was the most credible, reliable, and constituted a preponderance of the evidence due to Dr. Kaufman's reliance on the most recent EMG/NCS on record and the fact that Dr. Kaufman's findings are supported by the findings of Dr. Grisafi. Both Dr. Kaufman and Dr. Grisafi found that respondent suffered from bilateral carpal tunnel syndrome and bilateral cubital tunnel syndrome likely caused by his work injury.

The OOJ found that Dr. Jin's opinion that the EMGs from early 2020 and September 2021 evidenced "an existent pathology of bilateral carpal tunnel syndrome and bilateral cubital tunnel syndrome, which was not caused by his work injury" was less reliable due to the lack of any evidence that petitioner suffered from bilateral carpal tunnel syndrome and bilateral cubital tunnel syndrome prior to petitioner's work injury.

After considering the record, we find no error or abuse of discretion in the OOJ's reliance on Dr. Kaufman's findings to deem these diagnoses compensable.

Accordingly, we affirm.

Affirmed.

**ISSUED:** November 18, 2022

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

4